IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIAM THOMAS NICHOLAS, JR. | § | |
| TDCJ No. 01680033, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:21-cv-0534-K-BN |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Petitioner William Thomas Nicholas, Jr.'s *pro se* 28 U.S.C. § 2254 application for a writ of habeas corpus. The State currently has custody of Nicholas pursuant to two life sentences for aggravated assault entered by the 7th Judicial District Court of Smith County. *State v. Nicholas*, Nos. 007-0492-10 and 007-0493-10 (7th Jud. Dist. Ct., Smith County, Tex., Oct. 29, 2010), *aff'd*, Nos. 12-10-00392-CR and 12-10-00393-CR, 2011 WL 3273958 (Tex. App. – Tyler July 29, 2011, no pet.).

But Nicholas's petition for federal habeas relief appears to focus on an expired 1998 felony-driving-while-intoxicated conviction, which was used to enhance his 2010 sentences. *See State v. Nicholas*, F96-51486-VI (Crim. Dist. Court 2, Dallas County, Tex. Oct. 20, 1998); Dkt. No. 2 at 2, 18-24; Dkt. No. 16 at 8-9 (2010 indictments); *Ex Parte Nicholas*, 05-15-00454-CR, 2015 WL 6750850, at *1 (Tex. App. – Dallas Nov. 4, 2015, pet. ref'd) (explaining Nicholas's relevant criminal history).

In his federal petition, he makes the following claims in relation to the 1998 conviction:

1. He was denied counsel because his court-appointed attorney was appointed without his knowledge or consent and because he only met with his attorney the day of trial where she produced guilty plea documents already signed by the judge and prosecutor, refused to file a discovery motion, and pressured him into pleading guilty;

2. He was denied a jury trial; and

3. His guilty plea and judicial confession were coerced by threat and intimidation.

Dkt. No. 2 at 7-9.

United States District Judge Ed Kinkeade referred the application to the undersigned magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

The State responded to Nicholas's petition, arguing that the Court lacks subject matter jurisdiction because Nicholas is not "in custody" with respect to the 1998 conviction. *See* Dkt. No. 12.

Nicholas filed a reply [Dkt. No. 16], as well as another brief entitled "Petitioner's First *Pro Se* Motion Pursuant to 28 USCA 1331 Federal Question," which focuses on the jurisdictional issue. Dkt. No. 22.

Having considered all the briefing, the undersigned now enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss the Section 2254 application without prejudice for lack of subject matter jurisdiction, or, alternatively, deny the application and dismiss the case with prejudice because it does not present cognizable claims and is time-barred.

2

## Legal Standards and Analysis

Nicholas appears to attack his 1998 DWI conviction, the sentence for which expired in 2003. *See* Dkt. No. 2 at 2; *see also* Dkt. No. 22 at 1. The initial issue, then, is whether Nicholas is "in custody" in relation to the conviction that he is attacking. If he is, the issues become whether he presents any cognizable claims and whether his claims are time-barred.

### A. __Attack on Discharged Sentence__

A federal court lacks subject matter jurisdiction to entertain a petition if, at the time it is filed, the prisoner is not "in custody" under the conviction and sentence that he seeks to attack. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for purposes of habeas relief. *See Sinclair v. Blackburn*, 599 F.2d 673, 676 (5th Cir. 1979) ("'[I]n custody' does not necessarily mean 'in custody for the offense being attacked.' Instead, jurisdiction exists if there is a positive, demonstrable relationship between the prior conviction and the petitioner's present incarceration."). But "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony or enhance future punishment, held insufficient to satisfy the "in custody" requirement).

3

So, "[i]f the petitioner was no longer serving the challenged judgment when he filed his § 2254 petition because he fully discharged the sentence imposed upon that judgment, the 'in custody' requirement is not met, even if the challenged sentence was used to enhance a subsequent sentence that is not under attack in the § 2254 petition." *Acosta v. Texas*, No. 16-50883, 2017 WL 4574617, at *1 (5th Cir. June 6, 2017) (Dennis, J. ord.) (citing *Maleng*, 490 U.S. at 492).

The State argues that, because Nicholas is attacking his 1998 conviction and not his present sentence, he fails to meet the "in custody" requirement. It highlights another federal habeas petition that Nicholas filed in this Court in 2018 attacking his 1986 DWI conviction – which was used to elevate the 1998 conviction that in turn was used to enhance the 2010 sentence – that the Court dismissed for lack of subject matter jurisdiction and argues that the same outcome is warranted here. *See Nicholas v. Davis*, Civil Action No. 3:18-cv-3380 (N.D. Tex. 2019).

The undersigned agrees that, if Nicholas is seeking – as his petition indicates – to directly attack his 1998 DWI conviction, this Court lacks subject matter jurisdiction over his petition because he is no longer "in custody" in relation to that conviction. And the collateral effects of that conviction – including its use to enhance his current sentence – do not change that. *See, e.g.*, *Hendrix*, 888 F.3d at 337-38.

**B. <u>Attack on 2010 Convictions and Sentence</u>**

But the "in custody" analysis changes if Nicholas's pleadings could be construed as a challenge to his current sentence as affected by the 1998 conviction. *See Cotton v. Thaler*, Civil Action No. SA-CV-87-XR, 2010 WL 3239316, at *4 (W.D.

4

Tex. Aug. 16, 2010). Federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a current sentence. In other words, while "federal courts have no jurisdiction to hear a direct attack on a conviction for which a sentence has already been fully served because the person is no longer 'in custody'…federal courts do have jurisdiction to hear such a claim if it can be construed to be an attack upon a conviction for which they are *currently* serving time." *Cotton*, 2010 WL 3239316, at *4 (citing *Maleng*, 490 U.S. at 493-94) (emphasis in original).

Nevertheless, although the "in custody" requirement is satisfied in such circumstances, the United States Supreme Court has explained that these petitions generally do not state a cognizable legal claim. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001). That is, when a prior conviction has affected a current sentence, a petitioner satisfies the "in custody" requirement but may not challenge the prior sentence if it can no longer be attacked on its own, either because the prisoner failed to challenge it while remedies – on either direct or collateral review – were available or did so and lost. *See id.* at 403-04; *see also Daniels v. United States*, 532 U.S. 374 (2001) (applying the same rule to Section 2255 motions); *United States v. Clark*, 284 F.3d 563, 567 (5th Cir. 2002) (a prisoner who had "never attempted any attack, by direct appeal or otherwise," could not challenge the constitutionality of his prior convictions even though they had been used to directly enhance his current sentence (applying *Daniels*)); *Cotton*, 2010 WL 3239316, at *5 ("Because the issue in *Clark* … was whether a state conviction had been attacked, the Court sees no reason

5

why the case does not apply to a federal habeas petition under § 2254. In fact, the Fifth Circuit referenced *Coss* in explaining the *Daniels* rule.").

But there is an exception to that general rule where the conviction "was obtained [because of] a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Coss*, 532 U.S. at 404. "In those instances, the petitioner may attack the expired conviction used to enhance a current one irrespective of whether the expired conviction remains open to direct or collateral attack." *Godfrey v. Dretke*, 396 F.3d 681, 685 (5th Cir. 2005).

Here, although the petition explicitly states that Nicholas is attacking the 1998 DWI conviction, there are indications in his briefing that he is trying to challenge his current sentence as affected by the 1998 DWI conviction. *See* Dkt. No. 16 at 2; (arguing that sufficient "nexus" exists between 1998 and conviction and present sentence to satisfy the "in custody" requirement); Dkt. No. 22 at 2 (arguing that "[j]urisdictional requirements of 'in custody' are satisfied by this Court reading the petition as a challenge to the current 2010 Smith County cases").

But, even were the undersigned to liberally construe Nicholas's petition as an attack on his present sentence as affected by the 1998 conviction, his claims are still not cognizable under *Coss*. Nicholas admits that he did not directly appeal the 1998 conviction [Dkt. No. 2 at 3]; and both state habeas applications that he filed in relation to it were denied. *See Ex parte Nicholas*, WR-77,965-01, 02 (Tex. Crim. App. Aug. 1, 2012); *see also Ex parte Nicholas*, WR-77,965-03 (Tex. Crim. App. Aug. 22, 2018); Dkt. No. 13-15. Thus, the 1998 conviction "is no longer open to direct or

collateral attack in its own right," and it may be regarded as "conclusively valid." *Coss*, 532 U.S. at 403 (citing *Daniels*, 532 U.S. at 382).

As for the failure-to-appoint-counsel exception, it appears facially inapplicable here because Nicholas admits that he had court-appointed counsel. *See*, *e.g.*, Dkt. No. 2 at 7-8. But, again, giving Nicholas's pleading a most liberal construction, he appears to argue that, although he was technically appointed counsel, his counsel was "constructively absent" under *United States v. Cronic*, 466 U.S. 648 (1984) and its progeny. *See* Dkt. No. 2 at 7-9.

In *Cronic*, 466 U.S. 648 (1984), the Supreme Court recognized that the performance of counsel may be so inadequate as to constitute no assistance of counsel at all, despite the physical presence of an attorney at the proceeding. 466 U.S. at 654 n. 11. The *Cronic* presumption of prejudice arises in circumstances where: (1) there exists a "complete denial of counsel" or a denial of counsel "at a critical stage" of defendant's trial; (2) defense counsel fails to "subject the prosecution's case to meaningful adversarial testing"; or (3) counsel "is called upon to render assistance where competent counsel very likely could not." *Cronic*, 466 U.S. at 658-59 (citations omitted). The *Cronic* standard applies only when counsel has entirely failed to challenge the prosecution's case. *Id.*; *Riddle v. Cockrell*, 288 F.3d 713, 718 (5th Cir. 2002).

Some authority exists that *Cronic's* "constructively absent" analysis applies to the *Gideon* exception regarding "failure to appoint counsel." *See*, *e.g.*, *Childress v.*

*Johnson*, 103 F.3d 1221, 1222-23 (5th Cir. 1997). Nevertheless, the undersigned concludes that *Cronic* does not apply here.

This case does not fit into the categories of cases in which courts have found a constructive denial of counsel. Nicholas specifically claims that his court-appointed counsel – who was appointed the day before his trial was to begin after his retained counsel allegedly "abandoned" him – only met with him on the day of trial, was absent for the critical proceedings in his case, failed to file a discovery motion that he wanted her to file, and then pressured him by "threat and intimidation" to plead guilty. Dkt. No. 2 at 7-9.

Initially, the latter assertion is refuted by the state-court record – namely, a "Waiver of Jury Felony Plea of Guilty/ Nolo Contendere/ Indictment/ Information" in which Nicholas averred that his guilty plea was made freely and voluntarily and was not "influenced by any consideration of fear or any persuasion or any delusive hope of pardon…" and that "[h]aving read all of the above waivers, consents, agreements and statements and having had them explained to me by my attorney, I now request the Court to accept them and I state that they are made voluntarily, knowingly, and intelligently." Dkt. No. 2 at 17.

Official records such as these signed documents "are entitled to a presumption of regularity and are accorded great evidentiary weight." *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985) (citing *Webster v. Estelle*, 505 F.2d 926 (5th Cir. 1974); *Banda v. Estelle*, 519 F.2d 1057 (5th Cir. 1975)). And Nicholas's conclusory assertions of threats and intimidation are insufficient to rebut them.

8

As for the claim that Nicholas's trial counsel had no intention of "producing a meaningful defense or subject[ing] the prosecutor's case to any adversarial testing," Nicholas supplies no facts in support of this conclusory assertion – other than the refuted, conclusory assertion that this attorney coerced him into pleading guilty – and they are insufficient to show a constructive denial of counsel under *Cronic*. *See*, *e.g.*, *Villnave v. Director, TDCJ-CID*, 2:18-CV-205-Z-BR, 2021 WL 3176011, at *6 (N.D. Tex. June 23, 2021), *rec. accepted* 2021 WL 3173903 (N.D. Tex. July 27, 2021) ("A conclusory allegation of constructive denial of counsel does not entitle a petitioner to habeas relief."; (citing *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990)).

And while Nicholas complains that his attorney only met with him once, missed critical proceedings, and refused to file a discovery motion, he fails to supply sufficient facts to show that his counsel "entirely failed to function as the client's advocate." *Florida v. Nixon*, 543 U.S. 175, 189 (2004). Nicholas does not elaborate on what proceedings his trial counsel missed, or whether his prior, retained counsel was present for them. Nor does he explain why his counsel should have met with him more than once in the short time between counsel's appointment and when the trial was to begin. Finally, Nicholas does not explain how his trial counsel's refusal to file an unspecified discovery motion shows a failure to subject the State's case to meaningful adversarial testing. Nicholas does not say why the motion was necessary.

Nicholas also complains that his counsel was appointed the day before his trial was to begin. But the "Supreme Court has clearly stated that late appointment of counsel does not in itself give rise to a presumption of prejudice." *Miller v. Senkowski*,

9

268 F.Supp.2d 296, 308 (E.D.N.Y. 2003) (citing *Chambers v. Maroney*, 399 U.S. 42, 54 (1970)).

In sum, Nicholas has failed to show that he was deprived of court-appointed counsel in violation of *Gideon*. Thus, even if his claims could be construed as attacking his present sentence by way of the 1998 conviction used to enhance it, they are not cognizable because the 1998 conviction is presumptively valid.

## C.   Statute of Limitations

Alternatively, Nicholas's challenges to the 2010 Smith County and/or 1998 Dallas County convictions are time-barred. *See Nicholas*, 2019 WL 4060678, at *3 n.3, *rec. accepted* 2019 WL 4055123 (N.D. Tex. Aug. 28, 2019) (finding that Nicholas's challenges to his 1986 Dallas County conviction – which he erroneously claimed was used to enhance his 2010 Smith County convictions – as well as his challenges to the 2010 Smith County convictions, would be time-barred even assuming that Nicholas was "in custody" in relation to the conviction that he sought to attack).

Although the State did not raise the timeliness argument, the Court can do so *sua sponte. See*, *e.g.*, *Day v. McDonough*, 547 U.S. 198, 209 (2006) ("In sum, we hold that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."). But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

10

And, under the circumstances here, these findings, conclusions, and recommendation provide Nicholas fair notice, and the opportunity to file objections to them (further explained below) affords him a chance to present to the Court his position as to the limitations concerns explained below. *See*, *e.g.*, *Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitations" (collecting cases)).

AEDPA establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

11

The time during which a properly-filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)). "[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

Here, judgment was entered with respect to the 1998 DWI conviction on October 20, 1998, and Nicholas admits that he did not appeal that judgment. Dkt. No. 2 at 3. So, for AEDPA purposes, the judgment became final on November 19, 1998, and Nicholas had a year from that date to file a federal habeas petition. *See* TEX. R. APP. P. 26.2 (providing that a notice of appeal must be filed within thirty days following the imposition of a sentence). But he did not do so.

He did file a state habeas petition in relation to the 1998 conviction in 2012, but, because that was long after the deadline to file a federal habeas petition, it did

not toll Nicholas's AEDPA deadline. *See*, *e.g.*, *Scott v. Johnson*, 227 F.3d 260, 263 (2000).

As for the 2010 convictions, judgment was entered on October 29, 2010. *See State v. Nicholas*, Nos. 007-0492-10 and 007-0493 (7th Jud. Dist. Ct., Smith County, Tex., Oct. 29, 2010). Nicholas's direct appeal was denied on July 29, 2011. *See Nicholas v. State*, Nos. 12-10-00392-CR, 2011 WL 3273958 (Tex. App. – Tyler July 29, 2011, no pet.). His conviction became final for AEDPA purposes, then, thirty days later on August 29, 2011 (August 28 of that year was a Sunday), when the time for filing a petition for discretionary review expired. *See* TEX. R. APP. P. 68.2 (defendant has 30 days from entry of judgment by an intermediate appellate court to file a PDR with the Texas Court of Criminal Appeals).

So, Nicholas had until August 29, 2012 to file a federal habeas application in relation to the 2010 convictions, which he did not do. And, absent equitable or statutory tolling, any federal habeas petition challenging the 2010 convictions would be untimely.

There are no grounds for statutory or equitable tolling apparent from the briefing or record. Nicholas did not file a state habeas application that might have tolled the AEDPA deadline. Nicholas claims that his failure to file a PDR or state habeas application related to the 2010 convictions is "because of state impediments that are ongoing." Dkt. No. 16 at 2. But he does not explain what those impediments are or how they prevented him from litigating his habeas claims. Nicholas's vague

and conclusory reference to ongoing, unspecified state impediments is insufficient to invoke statutory tolling or equitable tolling.

Even if the Court had subject matter jurisdiction over Nicholas's petition, and even if Nicholas's claims were cognizable on federal habeas review, they are still barred by the statute of limitations.

## Recommendation

The Court should dismiss Nicholas's petition without prejudice for lack of subject matter jurisdiction, or, alternatively, it should deny the petition and dismiss the case with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

14

SO ORDERED.

DATED: February 10, 2023.

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE